IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-01171-MSK-MJW

VICTOR MANUEL ALARCON,

    Plaintiffs,

v.

AMERICAN FAMILY INSURANCE GROUP,

    Defendant.

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** comes before the Court on Defendant American Family Insurance Group's ("American Family") Motion for Summary Judgment **(#60)**, to which Plaintiff Victor Manuel Alarcon responded **(#63)**, and American Family replied **(#65)**. Having considered the same, the Court **FINDS** and **CONCLUDES** the following.

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### II. Issue Presented

American Family argues that Mr. Alarcon's claim for bad faith breach of insurance contract is barred by the relevant statute of limitation. Mr. Alarcon disagrees. Resolution of this issue depends on the date that Mr. Alarcon's claim accrued.

### III. Material Facts

The Court has reviewed all of the parties' submissions. For purposes of this Motion only, the Court construes all disputed facts most favorably to Mr. Alarcon. Viewed in such light,

the material facts are as follows.

In 2002 and 2003, Mr. Alarcon and his wife, Sylvia, resided in Pueblo, Colorado. They purchased an auto insurance policy from American Family. The policy that was in effect from November 2002 through November 2003 included under-insured motorist benefits for bodily injury up to $100,000 for each accident.

On August 27, 2003, Mr. Alarcon, Mrs. Alarcon, and Sandra Alarcon[1] were involved in a motor vehicle accident for which the other driver was at-fault. They suffered injuries, the extent of which is unclear from the evidence before the Court. Based on this accident, the Alarcons initiated a lawsuit in Texas state court on August 29, 2005 against the at-fault driver on a negligence theory of recovery. The lawsuit named American Family as a defendant but did not expressly assert any specific claims against it. On October 5, 2005 the Alarcons voluntarily dismissed the claim(s) against American Family without prejudice.[2] Ultimately, Mr. Alarcon[3] settled his claim against the other driver on June 26, 2007 for $25,000, the at-fault driver's policy limit. American Family consented to this settlement.

On March 28, 2008, Mr. Alarcon's attorney specifically requested that American Family pay the full amount of under-insured motorist benefits available under Mr. Alarcon's policy. It is unclear whether this was the first time that Mr. Alarcon expressly made a demand for under-

---

[1] It is unclear what relationship Ms. Alarcon has to Mr. or Mrs. Alarcon.

[2] The circumstances and nature of the dismissal are unclear, however, no party has argued that it was a dismissal with prejudice.

[3] The record is unclear as to how Mrs. Alarcon or Sandra Alarcon, the other plaintiffs in the Texas lawsuit, resolved their claims against the at-fault party and/or his insurance company.

insured motorist benefits on American Family[4] or when American Family began processing such demand. American Family conclusively denied Mr. Alarcon's demand for under-insured motorist benefits on August 23, 2008.

Mr. Alarcon first asserted a bad faith breach of insurance contract claim based on American Family's processing of his demand for under-insured motorist benefits on October 23, 2008 when he filed the First Amended Complaint in this action **(#17)**. The current operative complaint is the Second Amended Complaint **(#50)**, filed on August 17, 2009, which asserts solely a bad faith breach of insurance contract claim based on American Family's delay in and ultimate denial of his demand for under-insured motorist benefits.[5]

### IV. Standard of Review

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that

---

[4] There are various instances dating back to September 29, 2005 in which American Family referred in written correspondence to a possible demand for under-insured motorist benefits. Additionally, Mr. Alarcon referenced a demand for such benefits in his written correspondence with American Family and a complaint he filed with the Colorado Department of Insurance on April 11, 2006. As discussed *infra*, however, the exact date that Mr. Alarcon asserted a demand for under-insured motorist benefits is not relevant to determination of the statute of limitation issue.

[5] American Family alleges that Mr. Alarcon's Second Amended Complaint **(#50)** asserts only a common law bad faith claim and not a statutory claim under Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116. The distinction, however, is irrelevant for purposes of determination of this Motion because both types of claims are torts and, therefore, are governed by the same statute of limitation.

must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

When a defendant seeks summary judgment on a statute of limitation affirmative defense, the initial burden rests on the defendant to demonstrate by sufficient, competent evidence that the defense applies to bar the claim. *See* Fed. R. Civ. P. 56(e); *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997). If the defendant meets this burden, the claim is barred by the statute of limitation unless the plaintiff can establish a disputed issue of material fact as to the application of the defense or provide sufficient facts to establish a *prima facie* case for tolling the statute of limitation. *See Hutchinson*, 105 F.3d at 564; *Tieri v. Cigna Corp.*, 89 F.3d 1423, 1428 (10th Cir. 1996).

## V. Analysis

As noted *supra*, the only claim pending in this action is for bad faith breach of insurance contract, either for delay in or for denial of Mr. Alarcon's demand for payment of under-insured motorist benefits. American Family argues that this claim is barred by Colorado's two-year statute of limitation for tort actions. *See* Colo. Rev. Stat. § 13-80-102(1)(a). It contends that the

4

limitation period began to run, at the latest, on April 11, 2006 when Mr. Alarcon complained to the Colorado Attorney General about American Family's failure to pay under-insured motorist benefits and, therefore, Mr. Alarcon was required to assert a claim of bad faith breach of contract no later than April 11, 2008. Because he did not do so until October 2008, American Family contends that his claim is barred.

Mr. Alarcon responds that the limitation period began to run, at the earliest, on June 26, 2007 when he settled his claim with the at-fault party and, therefore, his assertion of the claim approximately sixteen months later in October 2008 was timely.

In Colorado,[6] actions for bad faith breach of insurance contract sound in tort and, therefore, are subject to a two-year limitation period. *See* Colo. Rev. Stat. § 13-80-102(1)(a); *Cork v. Sentry Ins.*, 194 P.3d 422, 427 (Colo. Ct. App. 2008); *Olson v. State Farm Mut. Auto. Ins. Co.*, 174 P.3d 849, 853 (Colo. Ct. App. 2007). Generally, a tort requires proof of a breach of a duty that has caused injury. A tort claim accrues, and the limitation period begins to run, when "both the injury and its cause are known or should have been known by the existence of reasonable diligence." *See* Colo. Rev. Stat. § 13-80108(1); *Cork*, 194 P.3d at 427; *Olson*, 194 P.3d at 853. Each alleged act of bad faith constitutes a separate and distinct tortious act and the statute of limitation for each begins to run anew when then plaintiff becomes aware of the injury and its cause. *See Cork*, 194 P.3d at 427.

Two different analytical lines lead to the same conclusion - that the earliest accrual date for calculation of the statute of limitations for Mr. Alarcon's assertion of bad faith breach of contract for failure to pay or delay in payment of underinsured motorist benefits was the date he

---

[6] The parties apparently concede that Colorado law applies to this action.

settled with the driver at-fault.

For a tort to occur, there must be a duty that was breached. Here, the duty of American Family was to process and determine Mr. Alarcon's rights to benefits under his insurance policy in a good faith manner. The benefits he sought were premised upon a condition precedent - that his injuries were caused by the actions of an underinsured motorist. The fact that the driver at-fault was underinsured was not deterimined until Mr. Alarcon settled with such driver. Thus, Mr. Alarcon's right to submit a claim and American Family's duty to process it in good faith first arose at the time of the settlement.

Focusing upon the time of Mr. Alarcon's injury and its cause, the result remains the same. The injury is American Family's delay or denial of payment of Mr. Alarcon's underinsured motorist benefits. Under-insured motorists benefits entitle an insured to the difference between the amount the insured recovers from the at-fault party and the damages sustained to the insured, not to exceed the under-insured policy limit. *See Freeman v. State Farm Mut. Auto. Ins. Co.*, 946 P.2d 584, 585–86 (Colo. Ct. App. 1997); *State Farm Mut. Auto. Ins. Co. v. Tye*, 931 P.2d 540, 543 (Colo. Ct. App. 1996). To determine the amount, if any, to which the insured is entitled under an under-insured motorist policy, the insurer must know the amount that the insured recovers from the at-fault party. Until this point, the insurer cannot calculate the benefit due to the insured and, therefore, cannot pay the claim. Accordingly, a bad faith breach of insurance contract claim for delay in payment or denial of a demand cannot accrue until the insured has resolved his or her claim against the at-fault party. *See Cork*, 194 P.3d at 428.

Here, Mr. Alarcon settled his dispute with the at-fault driver on June 26, 2007 which

6

becomes the earliest date on which American Family could have paid Mr. Alarcon's claim for under-insured motorist benefits. Thus, no injury to Mr. Alarcon could have occurred prior to that date. Using that date as the accrual date, Mr. Alarcon's bad faith breach of contract claim was timely brought on October 23, 2008.

**IT IS THEREFORE ORDERED** that Defendant American Family Insurance Company's Motion for Summary Judgment **(#60)** is **DENIED**.

Dated this 18th day of June, 2010

**BY THE COURT:**

_/s/ Marcia S. Krieger_

Marcia S. Krieger
United States District Judge